OPINION
{¶ 1} Defendant-appellant, Don L. Jackson, appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of one count of felonious assault in violation of R.C. 2903.11. Because the trial court's reasons for the sentence imposed do not comply with the statutory requirements, we reverse for resentencing.
 {¶ 2} By indictment filed September 14, 2001, defendant was charged with one count of kidnapping, two counts of rape, and one count of felonious assault. On November 15, 2001, defendant entered a guilty plea to one count of vaginal rape. Prior to sentencing, defendant wrote a letter to the trial court requesting new counsel and the opportunity to withdraw his guilty plea. The trial court granted both requests and the matter was tried before a jury beginning July 10, 2002. The jury found defendant guilty of felonious assault, and not guilty of both counts of rape; it hung on the kidnapping charge.
 {¶ 3} At the sentencing hearing on July 18, 2002, the prosecution nollied the kidnapping charge and the trial court sentenced defendant to a maximum of eight years for the felonious assault conviction. Defendant appeals, assigning the following errors:
 {¶ 4} "1. The trial court erred when it failed to impose the shortest prison term authorized for the offense when appellant had not previously served a prison term and the trial court failed to place on the record findings which would have allowed for the imposition of a longer sentence.
 {¶ 5} "2. The trial court abused its discretion by imposing the maximum sentence for felonious assault without making the necessary finding that appellant committed the worst form of the offense, or that appellant posed the greatest likelihood of committing future crimes and appellant's sentence was not supported by the record.
 {¶ 6} "3. The trial court erred when it entered judgment against the defendant when the evidence was insufficient to sustain a conviction."
 {¶ 7} We first address defendant's third assignment of error, as it contends his conviction for felonious assault is not supported by sufficient evidence. In assessing the sufficiency of the evidence, we construe the evidence in favor of the prosecution and determine whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 260, paragraph two of the syllabus; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
 {¶ 8} According to the state's evidence, on September 1, 2001, at approximately 10:00 p.m., the victim's friend Kenya invited the victim to come with her and Robert, her boyfriend and defendant's brother, to defendant's home for a drink. The victim agreed, and when they arrived at defendant's home, the victim sat on the sofa talking to defendant; Kenya and Robert also were in the room. The four talked and drank in the room for approximately an hour, when defendant's brother and Kenya left.
 {¶ 9} At that point, defendant began to kiss the victim's neck, and she insisted that he stop, as she "didn't even know this man, and he continued to do it anyways." (Tr. 212.) Defendant refused to stop, and when the victim tried to leave, defendant locked her in and told her she "wasn't going anywhere." Id. Defendant then punched the victim in the face, and she fell to the floor. As she was lying there, defendant kicked her, "telling me to, `die, Bitch, die.' " (Tr. 213.)
 {¶ 10} The victim got up and attempted to run to the door, but defendant grabbed her by the hair, pulling and punching her. Although the victim broke a window and screamed for help, defendant dragged her upstairs, pulling her by the hair: "The whole time he was just punching me from like the sides of my body, in my face, and I was trying to fight him back." Id. Defendant eventually pulled the victim to the top of the stairs. According to the victim, defendant "had me by my hair and like swinging with the other hand, hitting me in my face, and then we — eventually he pulled me by my hair into the room." (Tr. 214.)
 {¶ 11} Although she resisted, defendant was able to disrobe her, all the while beating her; he removed her jewelry by biting it off. Defendant pushed her onto the bed and engaged in vaginal intercourse. He then turned the victim over and engaged in anal intercourse. Because she was still screaming and trying to fight him, defendant bit her on her back.
 {¶ 12} The assault lasted approximately one-half hour, after which defendant fell asleep. When the victim was certain defendant was asleep, she grabbed a blanket from the bed, put it around her, went downstairs, and threw a liquor bottle at the key-locked door in order to break the window and escape. By that time it was the early morning of September 2, and the victim first ran to her house where she was unable to awaken anyone. She then went to the next door neighbor's house, opened the door, entered and collapsed on the floor.
 {¶ 13} Paramedics and police were called, the victim explained what had happened, and the paramedics, accompanied by police, transported the victim to the hospital. As a result of the incident, the victim suffered a broken nose, bruised ribs, and blackened eyes. Her recovery from the injuries required over one month.
 {¶ 14} According to R.C. 2903.11(A), "[n]o person shall knowingly do either of the following:
 {¶ 15} "(1) Cause serious physical harm to another or to another's unborn;
 {¶ 16} "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 17} Serious physical harm is defined in R.C. 2901.01(A)(5) to mean any of the following:
 {¶ 18} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 19} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 20} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
 {¶ 21} "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
 {¶ 22} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 23} Under those parameters, we examine the evidence to determine whether the state presented sufficient evidence to support defendant's felonious assault conviction. If the jury believed the state's evidence, the state demonstrated defendant knowingly punched, kicked, and bit the victim. The state's evidence, if believed, further proved serious physical harm to the victim as a result of defendant's action.
 {¶ 24} More specifically, defendant blackened the victim's eyes, broke her nose and generally bruised her. As paramedic Steven Belcher testified, the victim was in a great deal of pain, bruised and possibly bitten; her lips were swollen, and she had blood coming out of her mouth. Belcher explained that "she had a lot of injuries around her face. She had — her eyes were swollen shut * * *[.] [B]eing at Station 2 here, we go on a lot of assaults and domestic-type things, and hers was more serious than most of the types of calls we usually go on. * * * A lot of times things were maybe just one punch or somebody pushed someone, but somebody, you know — this was, you know, like both sides of her face, and she had injuries on her arms and some other injuries. It wasn't just a, you know, a one-punch-type thing. This was a beating rather than just a simple assault or something * * * there was a great deal of swelling * * * it was more of a trauma-type thing than just somebody getting punched in the face or whatever." (Tr. 51-52.)
 {¶ 25} By demonstrating the pain and disfigurement the victim sustained, the state presented sufficient evidence that defendant caused the victim to suffer serious physical harm, including an eye swollen shut, acute pain, bruised ribs and a broken nose. Defendant's third assignment of error is overruled.
 {¶ 26} Defendant's first and second assignments of error are interrelated, and we address them jointly. Together they challenge the trial court's sentencing defendant to a maximum of eight years on his felonious assault conviction. Defendant first asserts that, because defendant never before had been in prison, the trial court erred in not imposing the minimum prison sentence in compliance with former R.C.2929.14(B).
 {¶ 27} Pursuant to former R.C. 2929.14(B) and State v. Edmonson (1999), 86 Ohio St.3d 324, in order to impose more than a minimum sentence for someone who has never served a prison term, the trial court has to find either that the shortest prison term would demean the seriousness of the conduct or that the public would not be adequately protected from future crimes of the offender or others. While other sections of the sentencing statutes require that the trial court state the reasons for its findings in other circumstances, the trial court is not required to state the reasons for its findings under the circumstances R.C. 2929.14(B) encompasses.
 {¶ 28} Without question, the trial court did not make the findings required under R.C. 2929.14(B). Nonetheless, the trial court did not err. In State v. Evans, Franklin App. No. 02AP-230, 2002-Ohio-6559, this court determined that the trial court is not required to make the findings under R.C. 2929.14(B) if the court imposes a maximum sentence in accordance with R.C. 2929.14(C). The issue then resolves to whether the trial court properly sentenced defendant to a maximum term.
 {¶ 29} The Ohio Supreme Court in Edmonson acknowledged a public policy disfavoring maximum sentences except for the most deserving offender, stating that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." Id. at 328, quoting R.C. 2929.14(C). (Emphasis sic.) "[T]he record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)." Id. at 329. While former R.C. 2929.14(C) itself does not require the trial court to state its reasons for imposing the maximum sentence, R.C. 2929.19(B)(2)(d) does. State v. Moss (Dec. 28, 1999), Franklin App. No. 99AP-30. Thus, the trial court must not only to make the requisite findings under former R.C. 2929.14(C), but, also, state its reasons, as required under R.C. 2929.19(B)(2)(d). State v. Legg (Mar. 7, 2000), Franklin App. No. 99AP-574.
 {¶ 30} At the sentencing hearing, the trial court stated, "[a]nd I find that when it comes to the looking at justification for the longest term of imprisonment, the defendant has committed the worst form of this particular offense, having sat through the entire evidence and the entire trial, and having heard all of the evidence, seen the pictures and in fact listened to everything that was said both by the defendant and by the victim, I believe this happens to rank way up there in terms of the worst form of such an offense.
 {¶ 31} "As to whether or not the defendant poses the likelihood of committing future crimes, I think that there is no chance that we want to take that risk until there is some serious work done with respect to this defendant, and to get him out of this community for some period of time.
 {¶ 32} "And it's very difficult to predict that anyone will commit a future crime. But the given the magnitude of this crime, it does cause serious doubt as to whether or not this likely could be repeated." (Sentencing Tr. 18-19.)
 {¶ 33} While the trial court alluded to one of the findings under former R.C. 2929.14(C) in its discussion of defendant's propensity to commit future crime, the trial court undisputedly made one of the findings required under former R.C. 2929.14(C): defendant committed the worst form of the offense. The issue is whether the trial court adequately supported the findings with reasons as required under R.C.2929.19(B)(2)(d). Unfortunately, the trial court's purported reasons are so general that, without changing a word, they could be applied to virtually any case.
 {¶ 34} One effect of requiring the trial court to state the reasons for its finding is to enable appellate review of the trial court's sentence. The trial court's reasons here do not allow such review. Rather, they require the appellate court to review all of the evidence to determine which facts the trial court may have relied on to conclude defendant committed the worst form of the offense. Were that the legislature's intent, the statute would not have required the trial court to state reasons to support its findings that a defendant committed the worst form of an offense, but instead would have required only that the record support the trial court's determination. Because the trial court failed to state its reasons in compliance with the statute, this matter must be remanded to the trial court for resentencing.
 {¶ 35} We do not suggest the record lacks the evidence to support the imposition of a maximum sentence on this defendant. Rather, we conclude only that the trial court has failed to comply with the statutory requirement to state the reasons to support its finding that defendant committed the worst form of the offense. On remand, should the trial court again impose a maximum sentence, it will need to determine not only that defendant committed the worst form of the offense, but it must state its reasons for that finding. In the event the trial court determines not to impose the maximum sentence, but exceeds the minimum, then it will be required to comply with R.C. 2929.14(B) and make one of the findings required under that section. Because, however, the trial court failed to fully comply with former R.C. 2929.14(C) and2929.19(B)(2)(d), we sustain defendant's first and second assignments of error to the extent indicated.
 {¶ 36} Having overruled defendant's third assignment of error, but having sustained defendant's first and second assignments of error to the extent indicated, we affirm defendant's conviction for felonious assault and remand this matter to the trial court only for resentencing.
Judgment affirmed in part and reversed in part; case remanded for resentencing.
TYACK and LAZARUS, JJ., concur.